John A. MORROW, Petitioner,

v.

E. F. SHOTWELL, Respondent.

No. B–2568.

Supreme Court of Texas.

Feb. 16, 1972.

Rehearing Denied April 5, 1972.

Brooks, Jones & Gordon, Tom Gordon and George Jones, Abilene, for petitioner.

Wagstaff, Alvis, Alvis & Leonard, George W. Leonard Jr., and David G. Stubbeman, Abilene, for respondent.

CALVERT, Chief Justice.

In this suit by John A. Morrow, purchaser, against E. F. Shotwell, seller, for specific performance of a contract for the sale of two tracts of land, the case was submitted to a jury on two special issues which were answered favorably to Morrow. However, the jury's verdict is not important to our decision of the case. The trial court rendered judgment for the plaintiff, Morrow. The court of civil appeals affirmed the trial court's judgment as to one tract; but as to the other, the court reversed and rendered a take-nothing judgment. 461 S.W.2d 527. We reverse and remand to the trial court.

The property which is the subject of the contract of sale and purchase is described in the contract as follows:

" . . . lying and situated in Jones County, Texas:

FIRST TRACT: The South 100 acres of Survey 246, I. E. Sheffield Certificate No. 76, Abstract No. 308, Jones County, Texas;

SECOND TRACT: The North acreage (to be determined by a survey) out of 145.8 acre tract of the Jefferson McGrew Survey No. 245, which acreage lies North of a line beginning at the Northeast corner of the First Tract above described and running North 75°

East to a point in the West Boundary Line of Public Highway No. 277, commonly known as the Anson-Hawley-Abilene Highway, Jones County, Texas."

The court of civil appeals reversed the trial court's judgment as to Second Tract because the description was insufficient to meet the requirements of Sec. 26.01, Business and Commerce Code, Vernon's Texas Codes Annotated, the Statute of Frauds (formerly Art. 3995). Neither party complains of that part of the judgment of the courts below which orders specific performance as to First Tract. Only Morrow filed an application for writ of error, and by his application he challenges only the holding of the court of civil appeals that the description of Second Tract is insufficient.

■ The rule by which to test the sufficiency of the description is so well settled at this point in our judicial history, and by such a long series of decisions by this court, as almost to compel repetition by rote: To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty. See Norris v. Hunt, 51 Tex. 609 (1879); Osborne v. Moore, 112 Tex. 361, 247 S.W. 498 (1923); Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703 (1935); Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945); Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222 (1949); Hoover v. Wukasch, 152 Tex. 111, 254 S.W.2d 507 (1953); Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308 (1953); Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468 (1955). The quoted description of Second Tract does not refer to any other existing writing. Our problem, then, is to analyze the description to see if it furnishes, within itself, the means or data by which the tract may be identified with reasonable certainty.

■ If we look only to the metes and bounds description of the tract, we find no

means or data by which the tract may be identified. We are told only that it is acreage which lies north of a line running on a course of north 75° east from the northeast corner of First Tract to the west boundary line of public highway no. 277. A surveyor would have no difficulty locating this line since the contract gives him adequate means for locating the northeast corner of First Tract, but there are no means or data in the description to tell a surveyor on what courses or for what distances he will run after intersecting the west boundary of highway no. 277. The description is just as deficient if we assume that the entire tract lies west of the highway. Assuming that the east line of the tract is coincident with the west boundary line of the highway and runs northerly or northwesterly along that line, there is yet no distance call. Neither are we told the course and distance of the north or west lines of the tract, nor the acreage contained in the tract. Quite obviously, the metes and bounds description, standing alone, is not sufficient to meet the requirements of the Statute of Frauds. There is, however, additional descriptive language.

The acreage is said to be, "The north acreage . . . out of 145.8 acre tract of the Jefferson McGrew Survey No. 245" in Jones County, Texas. We are unable to see how this additional language furnishes the means or data by which the tract may be identified with reasonable certainty. No doubt a surveyor could locate the Jefferson McGrew Survey No. 245, but there is nothing in the added language to assist one in locating the 145.8 acre tract. Describing land to be conveyed in this manner has often been held to be insufficient to meet the requirements of the Statute of Frauds. See Norris v. Hunt, 51 Tex. 609 (1879) (". . . the interest of J. M. Norris in 'six hundred and forty acres of land situated in the said county of Burleson, and being part of the league of land originally granted to L. Dickerson.'"); Pfeiffer v. Lindsay, 66 Tex. 123, 1 S.W.

264 (1886) (". . . 50 acres of land out of the J. M. Moss survey, situated in Montague county, Texas, abstract No. 462, situated near the town of Spanish Fort, Montague county, Texas."); Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703 (1935) (". . . lying, and being in the County of Upshur, State of Texas, described as follows: 100 acres out of Blocks 8 and 9 of the subdivision of Jose Maria Pineda Survey, which was patented to Adolphus Stern, Pat. 608, Vol. 2, three miles North of Gladewater, Texas . . ."); Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848 (1946) (". . . 70 acres of land in Wood County, Texas, described as follows, to-wit: 70 acres of land, more or less, out of the A. N. McKnight Survey, Patent No. 736, Volume 3, Abstract No. 400."); Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980 (1948) (". . . four (4) acres out of the East end of a ten-acre block on the P. Chireno Survey about 2 miles East from the courthouse of the city of Tyler, Smith County, Texas, located on the North side of the Kilgore highway . . ."). The number of such decisions could be multiplied many times over. If descriptions of the type shown are insufficient to identify lands to be conveyed, they necessarily must also be insufficient to identify land out of which an unidentified part is to be conveyed.

■ The record leaves little doubt that the parties knew and understood what property was intended to be conveyed as Second Tract. Moreover, a surveyor, by a search of abstract records and on directions given by an attorney, located the property on the ground and made a plat which was introduced in evidence and shows its location and boundaries. However, the knowledge and intent of the parties will not give validity to the contract, Rowson v. Rowson, 154 Tex. 216, 275 S.W.2d 468, 470 (1955); and neither will a plat made from extrinsic evidence. Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, 984 (1948). The correct rule relating to

admissibility of parol evidence to aid descriptions in contracts for the conveyance of land is thus stated in Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152 (1945):

"The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. *Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum.* O'Herin v. Neal, Tex.Civ.App., 56 S.W.2d 1105, writ refused." (Emphasis ours.)

■ Petitioner Morrow points to one other provision in the contract which he suggests refers to a writing giving data for adequately describing the tract. The contract states: ". . . the conveyance herein shall be subject to its sharing its proportionate share of a Federal Land Bank Note covering the tract of which tract no. 2 is a part and the amount of said payments, if made by the purchaser, shall be deducted from the principal of the note herein described." The simple answer to this contention is that no evidence which describes the tract covered by the Federal Land Bank note was introduced on the trial.

Our holding that the description of Second Tract is insufficient to meet the requirements of the Statute of Frauds would ordinarily lead to an affirmance of the judgment of the court of civil appeals. As indicated earlier in this opinion, that judgment as to Second Tract is that the plaintiff Morrow take nothing. There is in the record strong evidence that the parties intended to describe a particular and identi-fied tract of 12.375 acres in their contract, and that they were mutually mistaken in the belief that the description used was legally sufficient for that purpose. If that be a fact, Morrow would have been entitled to reformation of the contract had he sought it. Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62 (1959); Kelley v. Ward, 94 Tex. 289, 60 S.W. 311 (1901); Gilbert v. Smith, 49 S.W.2d 702, 86 A.L.R. 445 (Tex.Com.App.1932). It thus appears that Morrow may have tried his case on a wrong theory.

Rule 505, Texas Rules of Civil Procedure, provides:

"In each case, the Supreme Court shall either affirm the judgment, or reverse and render such judgment as the Court of Civil Appeals should have rendered, or reverse the judgment and remand the case to the lower court, if it shall appear that the justice of the case demands another trial. . . ."

In proceeding under this rule and its predecessor statute, we have often remanded rather than render judgment, after reversing a trial court judgment, when a case was tried on a wrong theory and it appeared to us that the justice of the case demanded another trial. See American Title Insurance Company v. Byrd, 384 S.W.2d 683 (Tex.1964); City of San Antonio v. Pigeonhole Parking of Texas, 158 Tex. 318, 311 S.W.2d 218 (1958); Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846 (1954); Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951); Morrison v. Farmer, 147 Tex. 122, 213 S.W.2d 813 (1948); United Gas Corporation v. Shepherd Laundries Co., 144 Tex. 164, 189 S.W.2d 485 (1945); King v. Hill, 141 Tex. 294, 172 S.W.2d 298 (1943); Buzard v. First Nat. Bank of Greenville, Texas, 67 Tex. 83, 2 S.W. 54 (1886); Waldo v. Galveston, H. & S. A. Ry., 50 S.W.2d 274 (Tex.Com.App.1932). Moreover, we have often followed the same procedure in cases in which a court of civil appeals has re-

versed a trial court's judgment and rendered judgment for the opposite party and the losing party's application to this court for writ of error has not complained of the failure of the court of civil appeals to remand in the interest of justice as authorized by Rule 434, Texas Rules of Civil Procedure. See Scott v. Liebman, 404 S. W.2d 288 (Tex.1966); Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516 (1958); Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699 (1951); Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380 (1942); Kennedy v. American Nat. Ins. Co., 130 Tex. 155, 107 S.W.2d 364 (1937); Taylor v. United States Fidelity & Guaranty Co., 283 S.W. 161 (Tex.Com.App. 1926).

While technically speaking the latter holdings may not have been authorized by the rules or statutes which limit supreme court review of court of civil appeals' decisions to questions raised by points of error in applications for writ of error and to fundamental error, they have by now established a salutary procedure by which this court exercises an independent discretion to order a remand in the interest of justice after appellate reversal of a trial court judgment. See Scott v. Liebman, *supra,* where we said: "However, both the Court of Civil Appeals and this Court, having found error in the judgment of the trial court, are authorized in a proper case to remand in the interest of justice. Both courts have discretion in this matter. Dahlberg v. Holden, 150 Tex. 179, 238 S. W.2d 699 (1951). . . ." We see no compelling reason at this late hour to recant our holdings in the cited cases; accordingly, we have concluded that this cause should be remanded to the trial court so that Morrow may, if he wishes, amend his pleadings and try his case on a different theory.

The judgments of the court of civil appeals and trial court are reversed and the cause is remanded to the trial court.