George S. BARHAM, III, et al., Appellants,

v.

Danny J. POWELL et al., Appellees.

No. 1044.

Court of Civil Appeals of Texas, Tyler.

July 28, 1977.

Rehearing Denied Aug. 25, 1977.

John M. Cely, Maroney & Cely, Lufkin, for appellants.

John O. Sutton, Stripling & Sutton, Nacogdoches, for appellees.

MOORE, Justice.

This is an appeal from a summary judgment. Plaintiffs, George S. Barham, III, Worth Barham and Byron McGough, agreed to sell approximately 20 acres of land to defendants, Danny J. Powell and Roy W. Rigby, for the sum of $52,000.00. Pursuant to such agreement the parties entered into an earnest money contract and defendants paid $3,000.00 as earnest money to the plaintiffs. Thereafter, the plaintiffs brought this suit for specific performance alleging that they had performed all of their obligations under the contract and had offered and tendered full performance thereof, but defendants had wrongfully refused to accept the same. Defendants answered with a general denial and by way of an affirmative defense alleged that the property description contained in the earnest money contract was wholly insufficient to comply with the Statute of Frauds found in Tex. Bus. & Comm. Code sec. 26.01. In the alternative, defendants alleged that the plaintiffs had falsely represented that the property in question had over 300 feet of highway frontage whereas, in fact, there was far less highway frontage. By means of a counterclaim, defendants sought a return of the $3,000.00 earnest money they had paid to plaintiffs. Defendants then filed a motion for summary judgment under Rule 166–A, Tex.R.Civ.P. After a hearing the trial court entered a summary judgment in favor of the defendants. The summary judgment recites that the court found that the property description in the earnest money contract was not sufficient to comply with the Statute of Frauds. The judgment ordered the plaintiffs to return to the defendants the $3,000.00 earnest money as prayed for in their counterclaim. From such disposition, the plaintiffs perfected this appeal.

We affirm.

Plaintiffs attack the judgment by three points of error contending that the trial court erred in rendering summary judgment for the defendants because the summary judgment proof was sufficient to create a genuine issue of material fact concerning whether the property description contained in the earnest money contract was sufficient to describe the property so as to satisfy the requirements of the Statute of Frauds. The crux of plaintiffs' argument is that a material issue of fact was created by the conflict between the affidavit testimony of Nelson Samson, a Registered Public Surveyor, in which he stated that it would be impossible to locate the land on the ground from the description

contained in the earnest money contract and the affidavit testimony of Darrell D. Shine, a Registered Public Surveyor, who stated that the description contained in the earnest money contract was sufficient to locate the land on the ground and that he could locate and identify it.

The sole issue to be determined is whether the property description contained in the earnest money contract falls within the Statute of Frauds. The metes and bounds description reads as follows:

"All that certain tract of land situated in the City of Nacogdoches, Nacogdoches County, Texas, a part of the John Rowen Survey A–482, Block 66, City of Nacogdoches described as follows:

"Bounded on the North by Highway 21;

"Bounded on the West by a line running in a generally Southwesterly direction (not a straight line) to a point in the T P & L R.O.W. line, which line runs in an East-West direction;

"Bounded on the South by said T P & L R.O.W. line running in an East-West direction;

"Bounded on the East by a line running in a Northeasterly direction (not a straight line) to the point of beginning and containing 20 acres.

"SAVE and EXCEPT a tract reserved by Sellers hereto, bounded on the West by Loop 224 with a frontage of approximately 1100′ and a depth of parallel lines of approximate equal distance running perpendicular to Loop 224 which will comprise all acreage left over after survey of the above described 20 acres.

"Also being a part of a tract of land described in the Deed of Trust Records, Nacogdoches County, Texas, Volume 141, Page 144, Barham et al to Jerry Baker, Trustee, and also being a part of a tract of land described in a Deed, Monk to Pitts et ux dated May 19, 1972, recorded in Volume 375, Page 107, Deed Records, Nacogdoches County, Texas."

The Statute of Frauds provides that a promise or agreement for the sale of real estate is not enforceable unless the promise or agreement or a memorandum of it, is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him. Tex. Bus. & Comm. Code sec. 26.01, supra.

■ The rule to be applied in determining the sufficiency of a description of land in an action for specific performance is found in *Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex. 1972), wherein the court said: "To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." (citing cases)

■ While the quoted description refers to other existing writings, it is apparent that those writings are of no value in identifying the land in question. Our problem is, therefore, to analyze the metes and bounds description to see if such description furnishes the means or data by which the land in question can be identified. We have concluded that it does not. The metes and bounds description contains no beginning point and no calls for course and distance. Moreover, there is no way that any of the four corners of the tract can be identified or established on the ground. The deficiency is further compounded by the fact that certain undescribed lands are excepted from the conveyance. Upon applying the foregoing rules of law to the description set forth in the contract, it is quite obvious that the metes and bounds description, standing alone, is not sufficient to meet the requirements of the Statute of Frauds and is, therefore, void.

In *Morrow v. Shotwell*, supra, at 540–41, the court made the following statement:
"... The correct rule relating to admissibility of parol evidence to aid descriptions in contracts for the conveyance of land is thus stated in *Wilson v. Fisher*, 144 Tex. 53, 188 S.W.2d 150, 152 (1945):

'The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never

by supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. *Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum. O'Herin v. Neal, Tex.Civ. App., 56 S.W.2d 1105, writ refused.'* (Emphasis ours.)"

█ Where a contract for the sale of land, as here, is void for the want of description of the land intended to be conveyed, it cannot be aided by any averment or proof; nor will parol evidence of a surveyor be heard to identify the land intended to be conveyed. *Walker v. Maynard,* 31 S.W.2d 168, 170 (Tex.Civ.App. -Austin 1930, no writ).

The rule is too well settled to necessitate citation to authorities that it is the duty of the courts to construe an instrument of conveyance to determine if it sufficiently describes the land so as to comply with the requirements of the Statute of Frauds.

█ The disagreement between the surveyors as to whether the description in the contract to convey was sufficient to supply the location of the land on the ground, rather than creating an issue of fact, creates an issue of law for the courts. Since the instrument was void under the Statute of Frauds, parol testimony to the effect that the instrument was sufficient to supply the location or description of the land would be superfluous and inadmissible. It follows that the trial court properly disposed of the cause by the entry of a summary judgment.

The judgment of the trial court is affirmed.