**ASTROCARD COMPANY, INC.,**
Appellant,

v.

**GULF COAST CIGAR COMPANY, INC.,** Appellee.

No. A2098.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 3, 1979.

Joe S. Maida, Houston, for appellant.

Russell C. Ducoff, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and MILLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an award of $8,864.84, plus costs, granted in the District Court below in a suit on a sworn account.

The cause of action was originally brought against six defendants, including the appellant, Astrocard Inc. (Astrocard) and its president, Henry B. Font (Font). Judgment was taken against three of the defendants in a preliminary hearing, and a fourth defendant was non-suited. Subsequently, appellee's remaining cause of action was tried without a jury, and the judgment before us on appeal was entered in favor of Font but against Astrocard.

The trial record reveals that Astrocard purchased the assets of Apollo Gift Shop in January of 1976 for $3,000.00 cash and the cancellation of the debt owed it by Apollo Gift Shop. The purchase was from McMor Corporation acting through its president, Edward McMenemy. Apollo Gift Shop, McMor Corporation, and Edward McMenemy were the three defendants against whom the default judgment was rendered in the preliminary hearing.

In appellee's original petition, recovery was sought on an open account arising out of an alleged contractual agreement between appellee and all of the defendants. At trial, prior to calling its first witness, appellee moved to amend its pleadings, pursuant to Rule 66 of the Texas Rules of Civil Procedure. In its proposed amendment, appellee attempted to attach the invoices to the sworn account in the petition. It fur-ther attempted to add an allegation that the transaction in question was governed by Section 6 of the Tex.Bus. & Comm.Code Ann. (commonly referred to as the Bulk Sales Act). This was the same contention which appellant had made in its original answer, but which it later withdrew in its "Second Amended Petition". The trial court granted the motion to add the invoices but denied the motion to add the allegation. Appellee, in presenting its case, introduced evidence of the open account between appellee and Apollo Gift Shop when it was owned by the McMor Corporation. However, appellee failed to show any contractual relationship between itself and either Font or Astrocard. In fact, during the presentation of appellee's evidence, testimony was given by an employee of appellee that appellee had never contracted with Font or Astrocard. This was not contradicted, and there was no evidence that either of them had expressly or implicitly assumed the debts of Apollo Gift Shop by purchasing its assets.

. However, Font testified that subsequent to the purchase of the Shop's assets by Astrocard, he was informed that he had not complied with the Bulk Sales Act. The record reflects that Font was uncertain concerning his need to comply, not being familiar with the terms or the scope of the Act. Nevertheless, he sent a letter to appellee, (Plaintiff's Exhibit 3), expressly purporting to be in accordance with the Act, informing all creditors, vendors, etc. that Astrocard d/b/a Apollo Gift Shop "is held harmless to all previous debts, damages, and liens" of Apollo Gift Shop accruing while under the ownership of the McMor Corporation.

The appeal before us raises two points of error. The first is that the trial court erred in overruling appellant's motion for a summary judgment. Since the motion was actually made at trial, it could not have been a proper motion for summary judgment but rather a motion for judgment. The second point is that the trial court erred in granting judgment against appellant for any debt allegedly due appellee since there was no evidence and the plead-

ings of appellee were insufficient to sustain this finding. These points shall be consolidated for analysis. Appellant's contention that there was no evidence of a contract between appellee and appellant and, therefore, no basis for recovery is correct and consequently its motion for judgment could properly have been granted. For this reason, the trial court's judgment must be reversed. However, it is our opinion that the cause was tried upon an erroneous theory. It is apparent from the record that both parties became aware prior to the trial that the sale of the Gift Shop assets to Astrocard probably fell within the scope of the Bulk Sales Act and that the responsibilities and liabilities related to its debts prior to the sale were governed by the Act.

For this reason, it is our opinion that justice will best be served by reversing and remanding the cause and permitting the parties to amend their pleadings accordingly. Tex.R.Civ.P. 434; *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972); *United Gas Corporation v. Shepherd Laundries,* 144 Tex. 164, 189 S.W.2d 485 (1945); *Patterson v. Wizowaty,* 505 S.W.2d 425 (Tex.Civ.App.— Houston [14th Dist.] 1974, no writ).