John W. PORTER, Appellant,

v.

Oran REAVES, Jr., Appellee.

No. 2–86–094–CV.

Court of Appeals of Texas,
Fort Worth.

April 22, 1987.

Rehearing Denied May 20, 1987.

Royce Coleman, Denton, for appellant.

Jonita Boyd Borchardt, Denton, for appellee.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

In this case John Porter complains of the trial court's judgment awarding attorneys' fees in Oran Reaves' suit against him for specific performance of a contract for the sale of land.

We affirm.

Porter and Reaves entered into a contract whereby Porter agreed to sell Reaves a ten acre plot of land in Denton County. The written contract provided the closing date would be on or before January 3, 1984. However, Porter delayed the closing date and Reaves brought suit for specific performance and consequential damages in April, 1985. Porter answered the suit, denied his refusal to convey, and pled that the written contract was unenforceable because of the statute of frauds. Specifically, Porter claimed that the description of

the property was not sufficient to satisfy the statute of frauds. TEX.BUS. & COM. CODE ANN. sec. 26.01(a)(b) (Vernon 1968) and sec. 26.01(b)(4) (Vernon Supp.1987).[1]

Shortly after the lawsuit was filed, Porter agreed to transfer the land to Reaves through a trade agreement which was executed in mid-June, 1985. As a result, the only issues before the jury were damages for breach of contract and Reaves' attorneys' fees. In answering special issues, the jury found that Porter breached the contract, Reaves suffered no damages for the loss of use of property, and that Reaves was entitled to attorneys' fees in the amount of $2,380.00.

Porter brings three points of error. In the first point of error, he complains that the contract was unenforceable under the statute of frauds and the court erred in granting a judgment for attorneys' fees. Porter complains that the description of the property in the contract was insufficient to satisfy the statute of frauds. We disagree.

The description on the face of the contract contains a description of land and reference to an exhibit A, which is a drawing of the ten acre plot in question and its relation to other property owned by Porter.[2] Simply stated, Porter was transferring a ten acre tract out of a larger tract. The contract also provided that a "current survey" would be furnished by Porter.

A survey was conducted on January 23, 1984, and was introduced into evidence without objection. When the contract, drawing, and survey are considered together, it is obvious that the land is sufficiently described to satisfy the statute of frauds.

The Supreme Court has stated the general rule regarding descriptions of real property, stating:

To be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty.

*Morrow,* 477 S.W.2d at 539.

The Supreme Court expanded the rule announced in *Morrow,* holding that the description of the land may be obtained from documents that are prepared in the course of the transaction, even if those documents are prepared after the contract for sale is entered into. *Jones v. Kelley,* 614 S.W.2d 95, 98 (Tex.1981).

 As a result, we hold that the property that is the subject matter of this lawsuit was adequately described and enforcement of the contract is not barred by the statute of frauds. In any event, the contract was performed when the trade agreement was completed. The statute of frauds could not be raised to defeat the contract. *Best Building Company v. Sikes,* 394 S.W.2d 57, 62 (Tex.Civ.App.— Fort Worth 1965, writ ref'd n.r.e.).

 Therefore, the description of the property in multiple documents and the performance of the contract brought the contract out of the operation of the statute of frauds. The trial court was correct in granting attorneys' fees. We overrule the first point of error.

In Porter's second and third points of error, he complains about the submission of special issue number one, which asked:

Do you find from a preponderance of the evidence that Defendant breached the contract of sale between Defendant and Plaintiff?

Specifically, Porter claims that the issue was not supported by any allegation in

---

1. The statute of frauds provides that a contract for the sale of land must be in writing. However, there is no provision in the statute regarding the sufficiency of the description of land. Our Supreme Court has held that land must be described in a writing sufficient to identify the land with "reasonable certainty" to satisfy the statute. *Morrow v. Shotwell,* 477 S.W.2d 538, 539 (Tex.1972).

2. Tract "B", being the East ½ of a 20 acre tract located in the Southeast portion of a 177.41 acre tract deeded by L. Willingham to John W. Porter out of the C. Manchaca Survey, A–789, Denton Co. Deeds of Record, Said 20 acre tract bounded on the South by F.M. 2449, on the East by a 60 foot ingress-egress easement along the East property line, and on the West by a 20 acre tract deeded to Dicky W. Moore as recorded in Vol. 987, page 19, dated November 15, 1979, Denton County Deeds of Record.

Reaves' pleadings and that the submission was "global" because it did not inquire as to any specific act by the defendant.

We disagree.

■ At the outset, it is clear that the issue of "breach" was raised by the pleadings. While it is true that the term "breach" was not used in the pleadings, the term "refusal" to perform was used. Courts in Texas are not bound to the exact language of the pleadings in forming issues. *Jordan v. Ortho Pharmaceuticals, Inc.,* 696 S.W.2d 228, 235 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Braugh v. Phillips,* 557 S.W.2d 155, 158 (Tex.Civ.App. —Corpus Christi 1977, writ ref'd n.r.e.)

■ Porter also claims that the submission of the first special issue constituted a global submission and asked the jury for a legal conclusion. TEX.R.CIV.P. 277, 279 allow the trial court to submit issues broadly, even though the submission may constitute a global submission. *Jordan,* 696 S.W.2d at 235. This case presents an unusual situation. The suit had originally been brought for specific performance. However, Porter then performed the contract. This did not extinguish Reaves' right to attorneys' fees. The issue of breach was submitted, among other things, to clarify Reaves' right to recover attorneys' fees. As a result, in this case, the court's issue submitted a controlling issue in the case. *Id.,* at 235. There was no abuse of discretion of the trial court in submitting special issue number one. *Id.*

Finding no error, we affirm the judgment of the trial court.