Opinion issued February 3, 2005












     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01178-CV




 A.I.C. MANAGEMENT, Appellant

V.

RHONDA S. CREWS, CURTIS CALDWELL CREWS, ANNETTE CREWS,
DENISE CLAUDEEN CREWS AND CLAUDE CREWS, JR., THE HEIRS
OF EMMA CREWS, VALDA CREWS AND EVA FAY GROSS, AND
ALDINE INDEPENDENT SCHOOL DISTRICT, Appellees




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 735,465







MEMORANDUM OPINION

          This real property dispute, which began as a condemnation proceeding,
concerns title to 8.51 acres and rights to condemnation proceeds. Appellant, AIC
Management (“AIC”), appeals from a judgment, which made an interlocutory
summary judgment final, declaring appellees, Rhonda S. Crews, Curtis Caldwell
Crews, Annette Crews, Denise Claudeen Crews, and Claude Crews, Jr. (the “Crews
Family”), to be the owners of the disputed property and the proper recipients of the
condemnation proceeds. In addition, AIC appeals from a summary judgment granted
in favor of intervenor, Aldine Independent School District (“Aldine”), on its claim for
delinquent ad valorem taxes on the subject property. 
          In two issues, AIC contends that the trial court erred in granting summary
judgment (1) for the Crews Family on the basis that the constables’ deeds were void
and (2) for Aldine on the taxes which accrued prior to the constable’s sale to AIC. 
          We affirm.
 
 
BACKGROUNDThis dispute concerns a 24.36-acre tract in Harris County that was partitioned
into two smaller tracts in 1984. At issue here is an 8.51-acre residue tract which was
deeded to the Crews Family. The remaining 15.85 acres, that was deeded to Billie
Baker, later became the subject of a companion dispute at AIC Management v. Baker,
No. 01-01-01074-CV, 2003 WL 22724629 (Tex. App.—Houston [1st Dist.] Nov. 20,
2003, pet. denied). The background facts are more fully addressed in that case. 
          Pertinent here is that, in 1989, the City of Houston (“City”) brought an action
against the Crews Family to collect delinquent county taxes on a 6.00-acre portion of
the 8.51-acre tract.


 Aldine was not a party to this suit.


 A judgment for unpaid
county taxes was rendered in 1990, and a foreclosure sale was ordered. Pursuant to
the judgment, the tract was sold at public auction in 1991. Because there were no
bidders, the tract was struck off and transferred to the City by constable’s deed. The
property was described in the deed as, “TR 12 AB 659 T S Roberts* situated in Harris
County, Texas.” No metes and bounds description was included.
          In 1997, the property was sold to AIC in a constable’s deed, that again
described the property as, “TR 12 AB 659 T S Roberts* situated in Harris County,
Texas,” without a metes and bounds description.


 
          In 2000, the City brought an action to condemn the original 24.36-acre tract. 
The suit ultimately named AIC, Crews, and Baker as the owners of the property. AIC
counterclaimed that it owned the entire 24.36-acre tract, and claimed title to the 8.51-acre portion under both its constable’s deed and adverse possession. The Crews
Family cross-claimed against AIC to assert their sole ownership of the 8.51-acre tract
and to recover attorney’s fees as well as pre- and post-judgment interest.


 
          Aldine intervened to collect delinquent ad valorem taxes due on the 8.51-acre
tract for tax years 1980 through 1991, and 1997 through 2001. Aldine alleged that,
because it was not a party to the 1989 suit by the City, Aldine still held a superior tax
lien on the property. AIC cross-claimed against Aldine to establish that AIC had no
liability for delinquent taxes that accrued in the years prior to AIC’s acquisition of the
8.51-acre portion in 1997. 
          Subsequently, all parties agreed to the condemnation and to the value of the
property. The proceeds were deposited into the registry of the court. This appeal
does not involve any controversy with the City as to the condemnation or the value
of the property. All parties also agreed to the allocation of the condemnation
proceeds between the 15.85- and 8.51-acre tracts. Baker was adjudged to be the
owner of the 15.85-acre portion and was awarded the proportional condemnation
proceeds.


 This appeal does not involve Baker or the 15.85-acre tract. At issue in
this appeal is title to the 8.51-acre tract and rights to the corresponding condemnation
proceeds.
          AIC asserted its ownership through the constable’s deed or adverse possession.
The Crews Family moved for summary judgment on the grounds that both of the
constable’s deeds were void because the property descriptions were too vague and
that an adverse possession claim was without merit. The trial court granted the
motion in part and denied it in part. The court granted the motion on the grounds that
the constables’ deeds did not describe the property so that it could be located or
identified on the ground. The court found that the deeds were void as a matter of law. 
The court denied the motion on the grounds of adverse possession, as a question of
fact existed. The issue of adverse possession was tried to a jury and it was found that
AIC did not establish title by adverse possession.


 AIC is not appealing the jury’s
finding.
          Aldine moved for and was granted summary judgment on delinquent ad
valorem taxes owed on the 8.51-acre tract. Final judgment was rendered on July 11,
2002. AIC’s motions to reconsider and to set aside the judgment were denied.
Standard of Review
          We review a trial court’s granting of a summary judgment de novo. FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). A summary
judgment under Rule of Civil Procedure 166a(c) is properly granted only when a
movant establishes that there are no genuine issues of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop.
Mgmt., 690 S.W.2d 546, 548 (Tex. 1985). A defendant moving for summary
judgment must either (1) disprove at least one element of the plaintiff’s cause of
action, or (2) plead and conclusively establish each essential element of an affirmative
defense to rebut plaintiff’s cause. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
In deciding whether there is a disputed material fact precluding summary judgment,
every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor. Nixon, 690 S.W.2d at 549. The usual presumption that
the judgment is correct does not apply to summary judgments. See Montgomery v.
Kennedy, 669 S.W.2d 309, 311 (Tex. 1984).
Property Descriptions in the Constables’ Deeds
          In its first issue, AIC contends that the trial court erred in granting summary
judgment because (1) the Crews Family’s motion was insufficient as a matter of law;
(2) the legal descriptions in the constable’s deeds were not too vague to vest title in
AIC as a matter of law; and (3), alternatively, there was a question of fact as to
whether the deeds were too vague.
          The 1991 and 1997 constable’s deeds conveyed “TR 12 AB 659 T S Roberts*
situated in Harris County, Texas.” At issue is whether this description was sufficient
to properly convey legal title to the 8.51-acre tract down the chain from the Crews
Family to AIC.
          From the summary judgment motion and order, the Crews Family’s claim
resembles one in trespass-to-try-title; however, their pleadings alleged a claim to
quiet title.


 See Baker, 2003 WL 22724629 at *21. Regardless of the exact nature of
the claim, the Crews Family was required to prove superior title and must recover on
the strength of their own title. Id. To the extent that their claims can be construed
as sounding in trespass to try title, the Crews Family must also prove superior title
emanating from a common source. Indeed, this Court has held that any suit that
involves a dispute over title to land is, in effect, an action in trespass to try title,
whatever its form and regardless of whether legal or equitable relief is sought. Bell
v. State Dept. of Highways & Pub. Transp., 945 S.W.2d 292, 294 (Tex.
App.—Houston [1st Dist.] 1997), abrogated on other grounds, 136 S.W.3d 635 (Tex.
2004). 
          The Crews Family proved without dispute that, as of 1989, they alone held the
8.51-acre tract pursuant to a 1984 partition deed, that divided the original 24.36-acre
tract. They conclusively showed that this was the same 24.36-acre tract condemned
by the City of Houston and that this was the common source of the claims arising
from the tract. The Crews Family showed that AIC’s claims arose from a series of
quitclaim deeds transferred to them through constables’ sales.


 The undisputed
evidence showed that the Crews Family’s deed was recorded prior to the 1991 and
1997 constables’ deeds. Generally, this showing that the Crews Family’s and AIC’s
deeds emanated from a common source and that of the Crews Family’s preceded
those of the City of Houston or AIC, sufficed to establish the Crews Family’s prima
facie case. See Diversified, Inc. v. Hall, 23 S.W.3d 403, 406 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied).
          AIC then had the burden to show the existence of a genuine issue of material
fact as to the current status of the title. In its response, AIC provided the affidavit of
Ramesh Kapur, president of AIC, to show that AIC owns “all of the property”
described in his affidavit as “Tr. AB 659 T.S. Roberts, Harris County, Texas,” by
virtue of the 1997 sale. Kapur asserted that he is familiar with the abbreviations used
in the description and that they mean tract 12, abstract 659, of the T.S. Roberts
survey, and included the 8.51-acre tract at issue here. AIC provided a copy of the
1997 constable’s deed and field notes indicating that the 8.51-acre tract could be
physically located on the ground in 2000. We must determine whether this was
sufficient to meet AIC’s burden. 
          The trial court voided both deeds. Therefore, we consider the ramifications of
the descriptions in the constables’ deeds beginning with the initial foreclosure of the
Crews Family’s property.
1.       The 1991 Constable’s Deed
          It is well-settled that a broad distinction is required between the rules of
construction applicable to deeds between private persons and those of a sheriff made
by virtue of an execution sale. Brown v. Chambers, 63 Tex. 131, *3 (1885); see also
Beze v. Calvert, 20 S.W. 1130, 1133 (Tex. Civ. App. 1893) (finding the rule well-settled that less indulgence will be given in favor of descriptions of property
contained in deeds based upon compulsory sales under judicial process than applies
to descriptions given in deeds voluntarily executed by owner of property; if there is
patent ambiguity in description of the land, and it cannot be aided by parol evidence,
deed is void). Where private parties are concerned, it is presumed the parties
intended an interest to pass by the conveyance. Brown, 63 Tex. at *3. However,
when a constable’s sale is concerned, no such presumption will be indulged. Id. 
Rather, the conveyance must contain such a description as to enable the purchaser to
find and identify the land. Id. “The general rule is that a judgment for a foreclosure
of a tax lien upon real estate which, although aided by the judgment roll, fails to
describe a definite tract of land is void.” Arnold v. Crockett Indep. Sch. Dist., 404
S.W.2d 27, 28 (Tex. 1966) (addressing failure to locate specific tract within plat); see
Adams v. Duncan, 215 S.W.2d 599, 603-04 (Tex. 1948) (finding that judgment
foreclosing tax lien on land described in acres and by county, survey, patent, abstract,
and certificate number, and although aided by sheriff’s deed containing a metes and
bounds description, was nevertheless void because judgment failed to describe any
definite portion of the larger tract of land and sheriff was without authority to go
beyond the order of sale to determine what he was to sell). 
          Here, the legal description in the 1991 constable’s deed did not describe the
property to be levied upon with any degree of certainty. A judgment establishing and
ordering a foreclosure of a tax lien produces consequences that concern the rights of
persons other than the taxpayer, so a different rule applies in testing the sufficiency
of the description in the judgment. Arnold, 404 S.W.2d at 28. Here, the conveyance
itself, “TR 12 AB 659 T S Roberts* situated in Harris County, Texas,” does not
contain a description, such as metes and bounds, as would enable a purchaser to find
and identify the Crews Family’s portion of the land being levied upon. Thus, the
trial court properly found this deed to be void and no genuine issue of material fact
exists that title remained vested in the Crews Family.
2.       The 1997 Constable’s Deed 
          In construing its deed from the City, AIC asserts the general rules that legal
descriptions are presumed to be valid, should be construed to convey the greatest
estate possible, and that a description is sufficient if it refers to some other extrinsic
evidence that provides a means to identify the land with reasonable certainty. AIC
contends that a description merely must enable a party familiar with the locality to
identify the premises to be conveyed to the exclusion of others. AIC argues that,
because these rules apply to compulsory sales, a constable’s deed is not void if the
land can be identified by reference to other extrinsic evidence. 
          The well-settled rule to test the sufficiency of a description in a deed is that
“the writing must furnish within itself or by reference to some other existing writing,
the means or data by which the land to be conveyed may be identified with reasonable
certainty.” Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex. 1972) (emphasis added). 
In Morrow, the court examined a property description in a contract of sale. A
description that identified property by tract, survey, and county was held to be an
insufficient description because it did not refer to any other existing writing and
because there were no means or data to tell a surveyor on what courses and for what
distances he will run. Id. at 539-40 (citing Greer v. Greer, 191 S.W.2d 848 (Tex.
1935) (holding insufficient a description that included acreage, survey, county,
patent, volume, and abstract numbers) and Pfeiffer v. Lindsay, 1 S.W. 264, 266 (Tex.
1886) (holding insufficient a description that included acreage, survey, county, and
abstract number)); see also Harlan v. Vetter, 732 S.W.2d 390, 394 (Tex.
App.—Eastland 1987, writ ref’d n.r.e.) (holding that if property description is to be
supplied by a writing to which reference is made in deed, the reference must be
adequate to identify writing). If the descriptions “are insufficient to identify the lands
to be conveyed, they necessarily must also be insufficient to identify land out of
which an unidentified part is to be conveyed.” Morrow, 477 S.W.2d at 540. 
Describing land in this way violates the statute of frauds.  Id. In essence, the extrinsic
evidence referred to must operate to clarify the conveyance.
          The 1997 constable’s deed to AIC used the same inadequate language as was
found in the 1991 deed. The extrinsic evidence offered made the description of the
subject property even more uncertain. The evidence shows that “TR 12” may refer
to 3.00, 6.00, or 8.51 acres. It may also refer to the original 24.36 total tract. Further,
the description fails to show where a 6.00-acre portion may lie within the 8.51 acres,
or where an 8.51-acre portion may lie within the 24.36. Although there were field
notes created in 2000 and an HCAD plat was created in 2001, which attempt to affix
a location of the 8.51 acres, these were not in existence at the time the constables’
deeds were executed, as the rule demands.


 See Morrow, 477 S.W.2d at 539. 
          Further, in Morrow, after a search of the abstract records and on directions
given by an attorney, a surveyor was able to locate the property on the ground and to
make a plat showing its location and boundaries that was introduced into evidence. 
Id. Similarly here, a surveyor did locate the T.S. Roberts Survey. The Crews
Family’s recorded partition deed provided courses and distances to locate the 8.51-acre tract. However, the constables’ deeds do not refer to the partition deed, nor do
the constables’ deeds identify the location of the 6.00-acre portion levied upon.


 
Rather, the deeds both refer to an apparent division of property within the HCAD tax
rolls. There is nothing added in the descriptive language in the constables’ deeds to
assist the surveyor in locating the subject property with reasonable certainty. 
Generally, a plat made from extrinsic evidence will not give validity to a contract. 
Id. at 540. Rather, the correct rule for the admissibility of extrinsic evidence to aid
in descriptions for the conveyance of land is that a “resort to extrinsic evidence . . .
is not for the purpose of supplying the location or description of land, but only for the
purpose of identifying it with reasonable certainty from the data in the memorandum.” 
Id. at 540-41 (quoting Wilson v. Fisher, 188 S.W.2d 150, 152 (Tex. 1945)). 
          Consequently, although AIC put on evidence that Kapur could construe the
cryptic language in the description, the ability to identify a specific tract was not
aided by the extrinsic evidence to which it referred. Conversely, the Crews Family
has shown conclusively that their property can be located by a metes and bounds
description in their recorded warranty deed. Their partition deed was on record and
a reference to it could have been included, but was not. Only by virtue of the
inadequate descriptions in the constables’ deeds that followed was any question
created. However, the trial court correctly found the constables’ deeds void as a
matter of law, thus no title passed to AIC. 
          We overrule appellant’s first issue.
Property Taxes
          In his second issue, AIC contends that the trial court erred in granting summary
judgment to Aldine on the delinquent property taxes that accrued prior to AIC’s
purchase at the constable’s sale in 1997.
          Having found that AIC does not hold title to the subject property, AIC no
longer has any interest in whether Aldine receives a portion of the condemnation
proceeds to satisfy the delinquent taxes.
          We overrule appellant’s second issue.
 
 
CONCLUSION
          As no issue of material fact remains, we find that summary judgment was
properly granted as a matter of law. We affirm the judgment of the trial court.
 



                                                   Laura Carter Higley 
                                                   Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.