<HTML>

<HEAD>

<META NAME="Generator" CONTENT="WordPerfect">

<TITLE></TITLE>

</HEAD>

<BODY TEXT="#000000" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

<MULTICOL COLS="2" WIDTH="576" GUTTER="23">

</MULTICOL>

Opinion issued September 28, 2006

In The

Court of Appeals

For The

First District of Texas

NO. 01-06-00341-CV

 __________

MICHAEL F. REILAND, SR., Appellant

V.

PATRICK THOMAS PROPERTIES, INC., Appellee

On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2004-71829

O P I N I O N

This is an accelerated appeal of an interlocutory order pursuant to section

51.014(d) of the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem.

Code Ann.  51.014(d) (Vernon 2003) (allowing for interlocutory appeal when

parties agree that order involves controlling question of law with substantial ground

for difference of opinion).  Appellant, Michael F. Reiland, Sr., appeals the trial

court's order denying his motion for summary judgment and granting partial summary

judgment in favor of appellee, Patrick Thomas Properties, Inc. ("PTP").  The trial

court found that the Right of First Refusal at issue is a valid and enforceable

conveyance of real property.  In two points of error, Reiland contends that the trial

court erred in granting partial summary judgment in favor of PTP because the alleged

Right of First Refusal is void as a matter of Texas law due to the fact that (1) the legal

description of the property conveyed in the document is legally inadequate and (2)

the document contains an artificial price cap that operates as an unreasonable restraint

on alienation.

We reverse and render.  

Background

On February 18, 1977, Leonard Bythel Weis and Marjorie K. Weis granted to

Beverly Faulkner a Right of First Refusal to acquire a 3.0152 acre tract of real

property.  The Right of First Refusal described the land as "3.0152 acres adjoining

on the east side that certain 1.984 acre tract conveyed by Leonard Bythel Weis and

wife, Marjorie K. Weis to Beverly Faulkner, Trustee on or about February 18, 1977,"

and it further identified the tract "as being 3.0152 acres in the William Walters

Survey, Abstract 851, Harris County, Texas." (1)  The price is derived by the terms

established in the Right of First Refusal:

Faulkner, Trustee, her successors or assigns shall have and

does have the right of first refusal on the herein described

real property on identical terms as those stated in an

acceptable offer to Leonard Bythel Weis and wife,

Marjorie K. Weis, but at ten cents (.10) per square foot less

than such offer not to exceed a price of fifty cents (.50) per

square foot . . . .

The Right of First Refusal was declared valid for "so long as Leonard Bythel Weis,

or wife, Marjorie K. Weis are alive plus twenty-one (21) years."  Both Leonard and

Marjorie Weis have died. (2)

On November 15, 1999, Robert W. Mauk, Trustee of the Leonard B. Weis

Trust, conveyed the tract to Reiland for $164,000.  Five years later, Faulkner assigned

the Right of First Refusal to PTP.  Faulkner was unaware of the sale to Reiland and

only became aware of the transaction when a real estate broker later informed her that

Reiland was in the process of selling the property to someone else.  Faulkner then

informed PTP, and, upon further investigation, PTP discovered that the property was

conveyed to Reiland in 1999.  PTP sued Reiland and sought judgment to enforce its

Right of First Refusal and claimed to be "ready, willing, and able to comply" with its

terms to purchase the land, at the maximum price under the Right of First Refusal of

$66,211.20.  The market price of the property at the time of the suit was assessed at

$203,229.18.

PTP filed a motion for partial summary judgment to enforce its right to acquire

the tract under the Right of First Refusal.  Attached to the motion was an affidavit

from John Montgomery, PTP's director of operations, wherein he testified that PTP

would have exercised its right of first refusal had it been notified of the earlier sale

to Reiland, and it was "ready, willing and able to purchase the 3.0 Acre Tract

pursuant to the terms stated in the Right of First Refusal."  Also attached to the

motion was a document reflecting the survey of the property describing the metes and

bounds.  The exhibit reflects, however, that the survey was conducted in 1999, more

than 22 years after the Right of First Refusal was created.  

Reiland filed a cross-motion for summary judgment, which asserted that the

Right of First Refusal was void because (1) the description contained therein is

legally inadequate and (2) it contains an artificial price cap that operates as an

unreasonable restraint on alienation.  In response, PTP submitted an affidavit from

Greg Schmidt, a registered professional surveyor.  In his affidavit, Schmidt testified

that

I was able to locate the property, in part, because the Right of First

Refusal refers to a deed which involved the same parties.  I have

reviewed the Harris County Real Property Records and there is only one

other tract of real property which was owned by Leonard Bythel Weis

and Marjorie K. Weis which was conveyed to Beverly Faulkner,

Trustee.  A copy of this deed is attached as Exhibit C.  Therefore, the

property which is described in the Right of First Refusal is adjacent to

the property which was conveyed in the deed.

I have also reviewed another deed in which Robert W. Mauk, Trustee,

conveyed the same property to Michael Reiland, Sr.  A copy of this deed

is attached as Exhibit D.  This deed describes the real property by the

use of a metes and bounds description.  The real property which is

described in the deed from Mauk to Reiland is the same property which

is described in the Right of First Refusal which is attached as Exhibit B.

The trial court granted partial summary judgment in favor of PTP and denied

Reiland's motion, holding that the legal description in the Right of First Refusal was

adequate as a matter of law and that the Right of First Refusal was not an invalid

restraint on alienation; therefore the Right of First Refusal was a valid and

enforceable conveyance of real property.Summary Judgment

In two points of error, Reiland contends that the trial court erred in granting

partial summary judgment in favor of PTP, because the alleged Right of First Refusal

is void as a matter of law due to the fact that (1) the legal description of the property

conveyed in the document is legally inadequate and (2) the document contains an

artificial price cap that operates as an unreasonable restraint on alienation.  

Standard of Review

Both parties moved for traditional summary judgment under Texas Rule of

Civil Procedure 166a(c).  See TEX. R. CIV. P. 166a(c).  We review a trial court's

granting of a summary judgment de novo.  FM Props. Operating Co. v. City of

Austin, 22 S.W.3d 868, 872 (Tex. 2000).  Summary judgment is proper when a

movant establishes that there is no genuine issue of material fact and that he is

entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); Randall's Food

Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  In reviewing the granting

of a motion for summary judgment, we consider as true all the evidence that favors

the non-movant.  Watts v. Hermann Hosp., 962 S.W.2d 102, 104 (Tex.

App.--Houston [1st Dist.] 1997, no pet.).  We indulge every reasonable inference in

favor of the non-movant and resolve all reasonable doubts in its favor.  Cont'l Casing

Corp. v. Samedan Oil Corp., 751 S.W.2d 499, 501 (Tex. 1988); Watts, 962 S.W.2d

at 104.  When both parties move for summary judgment, each must carry its own

burden of proof, both as movant and in response to the other party's motion, as non-movant.  CU Lloyd's v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998).

When both parties move for summary judgment and the trial court grants one

motion and denies the other, the unsuccessful party may appeal both the prevailing

party's motion, and the denial of its own.  See Holmes v. Morales, 924 S.W.2d 920,

922 (Tex. 1996).  We must then review both sides' summary judgment evidence,

determine all questions presented, and render the judgment that the trial court should

have rendered.  FM Props. Operating Co., 22 S.W.3d at 872. Inadequate Land Description

In point of error one, Reiland contends that the alleged Right of First Refusal

from the Weises to Faulkner is void as a matter of law due to the fact that the legal

description of the property conveyed in the document is legally inadequate.

On February 18, 1977, more than 20 years before Reiland's purchase, the

Weises created a Right of First Refusal in which they granted

to Beverly Faulkner, Trustee, her successors or assigns the right of first

refusal to purchase the property identified as being 3.0152 acres

adjoining on the east side that certain 1.984 acre tract conveyed by

Leonard Bythel Weis and wife, Marjorie K. Weis to Beverly Faulkner,

Trustee on or about February 18, 1977.  

The tract is further identified as being 3.0152 acres in the William

Walters Survey, Abstract 851, Harris County, Texas.

There was no metes and bounds description of the 3.0152-acre tract attached to the

Right of First Refusal.

In his motion for summary judgment, Reiland argued that the Right of First

Refusal was deficient as a matter of law because "(1) there is nothing in the

description that would allow an individual to identify the three-acre tract with

reasonable certainty, and (2) the document wholly fails to define the size, shape or

boundaries of the land to which it relates."  We agree.

Much like in Matney v. Odom, 210 S.W.2d 980 (Tex. 1948), the primary

question in this case is whether the description of the 3.0152 acres set out in the Right

of First Refusal meets the requirements of the statute of frauds.  If the requirement

was not met, PTP was not entitled to enforce specific performance of the Right of

First Refusal.

The well-settled rule to test the sufficiency of a description in a deed is that

"the writing must furnish within itself or by reference to some other existing writing,

the means or data by which the land to be conveyed may be identified with reasonable

certainty."  Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex. 1972).  In Morrow, the

court examined a property description in a contract of sale.  A description that

identified property by tract, survey, and county was held to be an insufficient

description because it did not refer to any other existing writing and because there

were no means or data to tell a surveyor on what course and for what distances he will

run.  Id. at 539-40 (citing Greer v. Greer, 191 S.W.2d 848 (Tex. 1935) (holding

insufficient a description that included acreage, survey, county, patent, volume, and

abstract numbers) and Pfeiffer v. Lindsay, 1 S.W. 264, 266 (Tex. 1886) (holding

insufficient a description that included acreage, survey, county, and abstract

number)); see also Harlan v. Vetter, 732 S.W.2d 390, 394 (Tex. App.--Eastland

1987, writ ref'd n.r.e.) (holding that, if property description is to be supplied by

writing to which reference is made in deed, reference must be adequate to identify

writing).  If the descriptions "are insufficient to identify the lands to be conveyed,

they necessarily must also be insufficient to identify land out of which an unidentified

part is to be conveyed."  Morrow, 477 S.W.2d at 540.  Describing land in this way

violates the statute of frauds.  Id.  In essence, the extrinsic evidence referred to must

operate to clarify the conveyance.

The statute of conveyances and the statute of frauds require that conveyances

and contracts of sale of real property be in writing and signed by the conveyor or

party to be charged.  Tex.  Prop. Code Ann.  5.021 (Vernon 1984); Tex. Bus. &

Com. Code Ann.  26.01(b)(4) (Vernon 2002).  In order for a conveyance or contract

of sale to meet the requirements of the statute of frauds, the property description must

furnish within itself or by reference to another existing writing the means or data to

identify the particular land with reasonable certainty.  Pick v. Bartel, 659 S.W.2d 636,

637 (Tex. 1983); Morrow, 477 S.W.2d at 539.  The purpose of a description in a

written conveyance is not to identify the land, but to afford a means of identification.  

Jones v. Kelley, 614 S.W.2d 95, 99-100 (Tex. 1981).  The legal description in the

conveyance must not only furnish enough information to locate the general area as

in identifying it by tract survey and county, it need contain information regarding the

size, shape, and boundaries.  See Morrow, 477 S.W.2d at 539; Matney, 210 S.W.2d

at 982.  If enough appears in the description so that a person familiar with the area

can locate the premises with reasonable certainty, it is sufficient to satisfy the statute

of frauds.  Gates v. Asher, 280 S.W.2d 247, 248-49 (Tex. 1955).  Even when "the

record leaves little doubt that the parties knew and understood what property was

intended to be conveyed, . . . the knowledge and intent of the parties will not give

validity to the contract and neither will a plat made from extrinsic evidence."  

Morrow, 477 S.W.2d at 540. (3)

If a conveyance of an interest in real property does not sufficiently describe the

land to be conveyed, it is void under the statute of frauds.  Pick, 659 S.W.2d at 637.  

Such a contract, deed, or conveyance will not support an action for specific

performance or a suit for damages for a breach of contract.   Wilson v. Fisher, 188

S.W.2d 150, 152 (Tex. 1945).

Here, as in Matney, there is nothing "indicating the shape of the block or the

courses and lengths of its border lines or those of the [3.0152] acres."  210 S.W.2d

at 982.  To locate the 3.0152 acres with definiteness, it is necessary to first fix the

location of the piece of land of which it is a part, and then locate the 3.0152 acres by

boundaries, or metes and bounds of some character "adjoining on the east side that

certain 1.984 tract."  See id.   Also as in Matney, we hold that, "under the established

law of this state, the descriptive language used in this lease is vitally lacking in

definiteness."  Id.  

PTP attached a copy of the metes and bounds created when the property was

surveyed in 1999.  This evidence, however, is "inadmissible to aid the description in

the written contract, because there is no reference to such [survey] in the contract

which must be looked to in determining whether the statute of frauds is satisfied."  

Id. at 983.

Further, in Morrow, after a search of the abstract records and on directions

given by an attorney, a surveyor was able to locate the property on the ground and to

make a plat showing its location and boundaries that was introduced into evidence.

Morrow, 477 S.W.2d at 540.  Similarly here, a surveyor did locate "the real property"

by, "in part," reviewing the Harris County Real Property Records.  The rule for the

admissibility of extrinsic evidence to aid in descriptions for the conveyance of land,

however, is that a "resort to extrinsic evidence . . . is not for the purpose of supplying

the location or description of land, but only for the purpose of identifying it with

reasonable certainty from the data in the memorandum."  Id. at 541 (emphasis added).  

There were no documents attached to or referenced by the Right of First Refusal that

indicate the shape and boundaries of the 3.0152-acre tract.

We hold that the Right of First Refusal contains an inadequate land description

and thus violates the statute of frauds.  Accordingly, we sustain point of error one.

Price Cap

In point of error two, Reiland contends that the alleged Right of First Refusal

from the Weises to Faulkner is void as a matter of law due to the fact that the

document contains an artificial price cap that operates as an unreasonable restraint on

alienation.

Having held that the Right of First Refusal violates the Statute of Frauds, we

need not address point of error two.

Conclusion

We reverse the trial court's judgment and render judgment in favor of Reiland

quieting title and removing the cloud on Reiland's property.

George C. Hanks, Jr.

Justice

Panel consists of Justices Taft, Keyes, and Hanks.

1. The correct name of the survey in the Harris County Real Property records is the

"William Waters" survey.

2. Although the record does not reflect when either Leonard or Marjorie Weis died,

Reiland does not dispute the validity of the Right of First Refusal based on this fact.

3. PTP argues that the Texas Supreme Court's recent decision in J. Hiram Moore, Ltd.

v. Greer, 172 S.W.3d 609 (Tex. 2005) supports the position that extrinsic evidence

can be admitted in this case.  We disagree.  The Moore case, which addressed the

propriety of granting summary judgment when an ambiguity exists in a royalty deed,

stood for the long-standing principle that, once a contract is found to be ambiguous,

a jury can hear extrinsic evidence and determine the parties' intent.  Id. at 614.  The

Moore case did not discuss the statute of frauds or the Morrow opinion, which is still

good law.   

</BODY>

</HTML>