**FREER MUNICIPAL INDEPENDENT SCHOOL DISTRICT et al., Petitioners,**

v.

**Clinton MANGES et al., Respondents.**

No. C–2353.

Supreme Court of Texas.

June 20, 1984.

Rehearing Denied July 18, 1984.

Dibrell, Dotson, Dibrell & Dibrell, T. Kellis Dibrell, San Antonio, Homero Canales, Alice, Graves, Dougherty, Hearon & Moody, Robert J. Hearon, Jr. and Thomas I. Davies, Austin, for petitioners.

Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Mike A. Hatchell, Tyler, Jack L. Hart, Midland, for respondents.

PER CURIAM.

The Freer Municipal Independent School District and others (Freer MISD) sued Clinton Manges and others (Manges) to recover delinquent school taxes. The trial court rendered judgment for the amount of taxes due, costs, attorney's fees, interest, and foreclosing tax liens against Manges' property. The court of appeals reversed this judgment holding that the Freer MISD had no power to tax because no election authorizing taxation had been held. 653 S.W.2d 553. A majority of the court reverses the judgment of the court of appeals and affirms the judgment of the trial court.

The Benavides Independent School District in Duval County historically consisted of a large area including the city of Freer. The Benavides ISD had been authorized by its voters to issue bonds and to tax to retire such bonds. On August 14, 1976, Freer voted to assume control of the schools within the Freer city limits and established the Freer Municipal Independent School District. Tex.Educ.Code Ann. § 19.161. Thereafter, by petition, the Freer MISD extended its boundaries for school purposes only. *Id.* § 19.164. This extension resulted in Manges' property, which formerly had been within the Benavides ISD, becoming a part of the Freer MISD. It is undisputed that all taxpayers involved herein, including Manges, did have the opportunity to vote in the original Benavides ISD tax election. It also is established that no similar vote has taken place since the establishment of the Freer MISD.

Freer sued Manges to recover taxes due on Manges' property. The court of appeals held that Manges was not liable for these taxes because of Freer's failure to hold a tax election subsequent to the formation of the Freer MISD. Tex. Const. art. VII, § 3. The court of appeals examined article VII, section 3-b, but found that it did not legitimize Freer's taxation because that section applies only to taxes that previously have been approved by the voters. Id. art. VII, § 3-b.[1]

---

1. Sec. 3-b. No tax for the maintenance of public free schools voted in any independent school district ... nor any bonds voted in any such district, but unissued, shall be abrogated, cancelled or invalidated by change of any kind in the boundaries thereof. After any change in boundaries, the governing body of any such district, without the necessity of an additional election, shall have the power to assess, levy and collect ad valorem taxes on all taxable property within the boundaries of the district as changed, for the purposes of the maintenance of public free schools ... and the payment of principal of and interest on all bonded indebtedness outstanding against, or attributable, adjusted or allocated to, such district or any territory therein, in the amount, at the rate, or not to exceed the rate, and in the manner authorized in the

**490**

We disagree with the court of appeals' construction of article VII, section 3–b. This constitutional provision was added in 1966 to eliminate the need for new voter approval of bonds and taxes when authorized changes are made in the boundaries of school districts. Once taxation has been authorized, a change in the school district's boundaries has no effect upon the power to tax.

In the case at bar, Manges and all other parties involved had authorized the issuance of bonds and taxation by the Benavides ISD. When Freer later took control of its schools by disannexation and extended its boundaries for school purposes, it became responsible for a portion of the debt outstanding against the Benavides ISD. *See* Tex.Educ.Code Ann. § 19.-431; *cf. id.* § 19.004. Concomitantly, Freer derived the power to tax to retire these bonds. Tex. Const. art. VII, § 3–b; *cf.* Tex.Educ.Code Ann. § 19.006.

Article VII, section 3–b authorizes independent school districts to tax for school purposes in those instances in which the subject district was formed wholly by disannexation from an existing independent school district that possessed the power to tax. Thus the court of appeals erred in its holding that Manges was not liable for the delinquent taxes.

Pursuant to Texas Rule of Civil Procedure 483, the application for writ of error of the Freer MISD is granted, and, without hearing oral argument, the judgment of the court of appeals is reversed and that of the trial court is affirmed. The conditional application filed by Manges is refused, no reversible error.

district prior to the change in its boundaries, and further in accordance with the laws under

which all such bonds, respectively, were voted;
. . . .