**Clinton MANGES and Duval County Ranch Company, Appellants,**

v.

**The FREER INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

**No. 04–86–00330–CV.**

Court of Appeals of Texas, San Antonio.

March 11, 1987.

On Motions for Rehearing April 15, 1987.

Rehearing Denied May 11, 1987.

W. Keith Howard, San Antonio, Jack Hart, Midland, for appellants.

J.A. Canales, Corpus Christi, Homero C. Canales, Alice, for appellees.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

BUTTS, Justice.

The Freer Municipal Independent School District and others (Freer) sued Clinton Manges and the Duval County Ranch Company (Manges) to recover delinquent school taxes. In June of 1980, the trial court rendered judgment assessing the amount of taxes due and awarding costs, attorney's fees, interest, and *foreclosing tax liens* against Manges' property.

The court of appeals reversed the portion of the judgment in favor of Freer (the authority to tax), affirming the remainder. *Manges & Duval County Rancy Co. v. Freer Independent School District*, 653 S.W.2d 553 (Tex.App.—San Antonio 1983), *reversed*, 677 S.W.2d 488 (Tex.1984). However, this Court remanded the case to the trial court for the purpose of clarifying the judgment, with instructions for inclusion of "an itemization of delinquent taxes due upon each parcel of property for which the judgment has been affirmed." *Id.* at 567.

The Texas Supreme Court initially reversed the judgment of the court of appeals, which was that the Freer Independent School District lacked the authority to tax, and affirmed the trial court in a *per curiam* opinion. *Freer Municipal Independent School District v. Manges*, 677 S.W.2d 488 (Tex.1984). However, subsequently, the supreme court modified its judgment, again reversing the court of appeals judgment pertaining to the authority of the Freer School District to tax, but this time affirming the remainder of the decision, including the instructions on remand to clarify the judgment.

On remand, the trial court prepared the itemization of delinquent taxes but restricted the parties to use of only the original trial record. That is, the court allowed no new evidence in reforming the necessary property descriptions. We have again examined the descriptions and while these descriptions may be the best possible from the evidence presented at the first trial, we agree many are not adequate.

■ A judgment for foreclosure of a tax lien upon real estate must describe a defi-

nite tract of land. *Arnold v. Crockett Independent School District*, 404 S.W.2d 27, 28 (Tex.1966). The land descriptions in the judgment must be specific enough that the land can be located or particularly identified. *Id.* at 29; *Garza v. City of San Antonio*, 231 S.W. 697, 700 (Tex.Comm'n App.1921, opinion adopted).

We therefore remand the case to the trial court with instructions that it receive all necessary relevant evidence which will enable the court to determine and incorporate in the judgment a legally sufficient description of each parcel of property upon which appellants owe taxes. The appellees' authority to tax has heretofore been fully litigated and is no longer subject to review. The property description matters arose only incidentally.

Accordingly, through this Court's discretionary power to remand a case for further proceedings, we now order the remand to the trial court with instructions that all relevant evidence be received to clarify the property descriptions in the judgment and that the judgment be so modified.

It is so ordered. Costs to be assessed equally between the parties.

## ON APPELLANTS' AND APPELLEES' MOTIONS FOR REHEARING

Following this Court's order of remand with instructions to the trial court to receive all relevant evidence to clarify the property descriptions in the judgment and to so modify the judgment, both parties have presented motions for rehearing on that order.

■ We agree with appellees' complaint that court costs cannot be assessed against the taxing unit. TEX.TAX CODE ANN. § 33.49(a) (Vernon 1982). *Leander Independent School District v. Texas Conference Association of Seventh-Day Adventists*, 679 S.W.2d 487 (Tex.1984). The order will be modified to assess all costs against appellants.

This Court did not affirm and render on the property descriptions not contested by appellants, but instead remanded those also in the event the trial court found hereto-

# 844

fore unknown inadequacies. Recognizing that reviewing sixty uncontested property descriptions will be time-consuming and accepting appellees' plea that the judgment as to these parcels now be rendered, we will so enter our order and modify the previous one. Appellees' motion for rehearing is granted.

We have examined appellants' motion for rehearing and it is denied.

Accordingly, the previous order of remand with instructions is modified to this extent: the trial court's judgment is affirmed as to those parcels whose descriptions are not in issue, that is, where there were no objections to the property descriptions of the parcels at trial or by brief in this Court, that portion of the judgment is hereby rendered. The order of remand is further modified to assess all court costs against appellants. It is so ORDERED.