THE ATTORNEY GENERAL
OF TEXAS


JIM MATTOX
ATTORNEY GENERAL

February 27, 1989

Mr. Curtis Tunnell
Executive Director
Texas Historical Commission
P. O. Box 12276
Austin, Texas 78711

Opinion No. JM-1022

Re: Authority of a county to levy a tax for support of a county historical commission (RQ-1632)

Dear Mr. Tunnell:

You ask:

> Does county government have the power to levy a special tax for support of county historical commissions?

We do not understand you to ask whether a commissioners court may appropriate county funds for the support of a county historical commission. Rather, we understand you to ask whether a commissioners court may impose a special tax, the revenues of which are dedicated solely for the support of such a commission. We answer your question in the negative; absent specific statutory authorization, a commissioners court has no authority to levy a dedicated tax for the support of a county historical commission.

Chapter 318 of the Local Government Code governs historic preservation by counties. The chapter permits a commissioners court to appoint a county historical commission "for the purpose of initiating and conducting programs suggested by the commissioners court and the Texas Historical Commission for the preservation of the historical heritage of the county." Local Gov't Code § 318.002. In the alternative, the Texas Historical Commission is authorized to appoint such a local commission in the event that a commissioners court fails to appoint such a commission. Local Gov't Code § 318.004.

The county historical commission is required to meet at least annually, to conduct a continuing survey to determine the existence of historical buildings and other historical sites, and to make reports of its activities both to the commissioners court and to the Texas Historical Commission. Local Gov't Code §§ 318.005 - 318.008. The local commission may operate and manage any museum owned or leased by the

county. Alternatively, the commissioners court may, on the recommendation of the historical commission or other interested persons, contract with a private person for the lease or management of any county-owned real estate or structure duly designated as a landmark. Local Gov't Code §§ 318.010, 318.013. A commissioners court may enter into agreements with other governmental agencies or private organizations and may appropriate county funds for the erection of historical markers and monuments, as well as for the purchase of other objects and collections of objects of historical significance. Local Gov't Code § 318.011. A commissioners court also is authorized to grant a tax exemption for historical sites under section 11.24 of the Tax Code. See Local Gov't Code § 318.012. And finally, section 318.009 of the code provides: "The commissioners court may pay the necessary expenses of the commission." See Attorney General Opinion M-680 (1970). No section in chapter 318 of the Local Government Code even arguably empowers a commissioners court to levy a special tax, the revenues of which are to be dedicated for the support of a county historical commission.[1]

The validity of any act of local taxation depends upon an act of the legislature conferring the power to tax and the proper exercise of such power by the designated body.

---

1. We note that section 318.021 of the Local Government Code provides the following:

> The commissioners court of a county with a population of 160,000 to 170,000 may appropriate money from the general fund of the county to a historical foundation or organization in the county for the purpose of purchasing, constructing, restoring, preserving, maintaining, or reconstructing historical landmarks, buildings, and furnishings that are of historical significance to the county. The foundation or organization must be incorporated under the law of this state as a nonprofit corporation.

Your question regarding the authority of commissioners courts is not limited to counties whose populations fall within certain brackets; you ask about the authority of commissioners courts in general. But section 318.021 does not authorize commissioners courts in those counties to which the section applies to levy a dedicated tax.

Ripley v. Trinity River Canal and Conservancy Dist., 88 S.W.2d 752 (Tex. Civ. App. - Dallas 1935, writ ref'd). See, e.g., Manges v. Freer Indep. School Dist., 653 S.W.2d 553 (Tex. App. - San Antonio 1983), rev'd on other grounds, 677 S.W.2d 488 (Tex. 1984). We have not found any statute, nor have you directed us to one, that confers upon a commissioners court the authority to impose a special tax whose revenues are to be dedicated to the support of a county historical commission.[2]

---

2.   Chapter 331 of the Local Government Code governs municipal and county authority to acquire and maintain parks, museums, and historic sites. The chapter specifically empowers a county to acquire historic buildings, sites, and objects. Section 331.004 of the code provides the following:

> (a)   A municipality or county may issue negotiable bonds for the purpose of acquiring or improving land, buildings, or historically significant objects for park purposes or for historic or prehistoric preservation purposes, and may assess, levy, and collect ad valorem taxes to pay the principal of and interest on those bonds and to provide a sinking fund.
>
> (b)   The issuance of the bonds and the levy of the taxes shall be in accordance with Chapter 1, Title 22, Revised Statutes [i.e., article 701, V.T.C.S.].
>
> (c)   There is no limit on the amount of taxes that may be levied for the operation and maintenance expenses of parks or for the payment of the principal of and interest on the bonds except for the limits provided by the Texas Constitution.

While section 331.004 of the code authorizes a commissioners court to acquire, inter alia, historical buildings, sites, and objects; to issue bonds for those purposes; and to impose a tax for the purpose of paying the principal and interest on such bonds, nothing in the section purports to confer on the commissioners court the authority to impose a dedicated tax for the support of a county historical commission.

We conclude that a commissioners court has no authority to impose a special tax whose revenues are to be dedicated to the support of a county historical commission.

### S U M M A R Y

A commissioners court, absent specific statutory language conferring such power, has no authority to impose a special tax whose revenues are to be dedicated to the support of a county historical commission.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General