The FREER INDEPENDENT SCHOOL DISTRICT, et al., Appellants,

v.

Clinton MANGES and Duval County Ranch Company, Appellees.

No. 04–88–00126–CV.

Court of Appeals of Texas, San Antonio.

July 26, 1989.

Rehearing Denied Aug. 30, 1989.

J.A. Canales, Nancy M. Simonson, Canales & Simonson, Corpus Christi, T. Kellis Dibrell, Dibrell, Dotson, Dibrell & Dibrell, San Antonio, Homero C. Canales, Alice, for appellants.

Jack L. Hart, Midland, David D. Towler, Royal D. Adams, Law Offices of Royal D. Adams, San Antonio, for appellees.

Before CADENA, C.J., and PEEPLES and CARR, JJ.

OPINION

CARR, Justice.

This is an *ad valorem* tax suit. Suit was originally filed on August 21, 1978. After trial to the court, judgment was entered in favor of the plaintiff taxing authorities on June 17, 1980. Defendants appealed. The previous decision of this Court appears as *Manges v. Freer I.S.D.*, 653 S.W.2d 553 (Tex.App.—San Antonio 1983), *aff'd in part, rev'd in part, Freer I.S.D. v. Manges*, 677 S.W.2d 488 (Tex.1984). The case was remanded to the trial court for the limited purpose of correcting the judgment to reflect itemized tax liens as to individual parcels and after hearings, the trial court entered its Reformed Judgment on May 15, 1986. Defendants once again appealed. This Court's decision appears in *Manges v. Freer I.S.D.*, 728 S.W.2d 842 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.). This Court affirmed and rendered judgment as to 60 parcels whose descriptions were not in issue and remanded the case as to the remaining parcels for purposes of receiving evidence regarding the legal descriptions of the remaining parcels.

Pursuant to this Court's rendition of judgment, plaintiffs' taxing authorities sought execution and foreclosure on the 60 parcels on which judgment had been rendered. The trial court granted an interlocutory injunction precluding execution and foreclosure. In this appeal the taxing authorities challenge the issuance of the in-

junction by the following three points of error:

### POINT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING A TEMPORARY INJUNCTION PRECLUDING THE PLAINTIFF TAXING AUTHORITIES FROM EXECUTING JUDGMENT ON 60 PARCELS CONCERNING WHICH THE COURT OF APPEALS HAD AFFIRMED AND RENDERED JUDGMENT ON THE ERRONEOUS BASIS THAT THE JUDGMENT AS TO THE 60 PARCELS IS INTERLOCUTORY.

### POINT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN ENTERING A TEMPORARY INJUNCTION PRECLUDING THE PLAINTIFF TAXING AUTHORITIES FROM EXECUTING JUDGMENT ON 60 PARCELS CONCERNING WHICH THE COURT OF APPEALS HAD AFFIRMED AND RENDERED JUDGMENT ON THE ERRONEOUS BASIS THAT THE JUDGMENT AS TO THE 60 PARCELS HAD NOT EFFECTIVELY BEEN SEVERED BY THE DECISION OF THE COURT OF APPEALS.

### POINT OF ERROR NO. 3

THE TRIAL COURT ERRED IN FAILING TO FIND THAT DEFENDANTS WERE ESTOPPED FROM CHALLENGING THE EXISTENCE OF A SEVERANCE AND FINAL JUDGMENT AS TO THE 60 PARCELS BY DEFENDANTS' PRIOR ASSERTIONS BEFORE THE SUPREME COURT.

Appellants' points of error one and two are closely related and involve the legal effect of rendition and affirmance by this Court as to severance claims.

The primary issue to be decided by this Court under appellants' points of error one and two is whether there was a final judgment in a previous appeal before the court below on which to base the Orders of Sale. If there was a final judgment as to the 60 parcels which were the subject of the Orders of Sale, then the Orders of Sale could be properly issued. If, however, there was no final judgment as to the 60 parcels, then the Orders of Sale were not properly issued and appellants could not properly conduct a Sheriff's sale. *Schalker v. Sklar*, 285 S.W.2d 275, 276 (Tex.Civ.App.—Galveston 1955, writ ref'd n.r.e.).

In order for the judgment as to the 60 parcels to be final, it must have been severed from the remainder of this cause. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 892 (1956). Without severance, there are still issues in the cause left for judicial determination, and, therefore, the judgment is interlocutory.

Appellants contend that the language[1] of this Court in its prior opinion[2] effected a severance as a matter of law. We agree and therefore sustain appellants' points of error one and two. We hold that the language of our previous judgment effected a severance as a matter of law, that said judgment is therefore final as to those parcels of land whose description are not in issue and appellants' right to obtain execution against the 60 parcels of land on which judgment has been previously affirmed and rendered is hereby reaffirmed.

Because of our ruling under appellants' points of error one and two, appellants' point of error three need not be addressed.

Appellees bring one cross-point and claim the trial court erred, or alternatively, abused its discretion in setting appellees' temporary injunction bond at $320,000.00.

TEX.R.CIV.P. 684 governs the amount of the bond and such amount is fixed at the

---

1. The language in question is: "[T]he trial court's judgment is affirmed as to those parcels of land whose descriptions are not in issue, and that portion of the judgment is hereby rendered. The order of remand is further modified to assess all court costs against Appellants, CLINTON MANGES and DUVAL COUNTY RANCH COMPANY, and Sureties MORRIS ASHBY and M.W. HAUN, and this decision be certified to the trial court."

2. *Freer I.S.D. v. Manges*, 728 S.W.2d 842 (Tex. App.—San Antonio 1987, writ ref'd n.r.e.).

discretion of the trial court subject to review. The sum fixed by the judge is conditioned "that the applicant will abide the decision which may be made in the case, and that he will pay all sums of money and costs that may be adjudged against him if the ... temporary injunction shall be dissolved in whole or in part." TEX.R.CIV.P. 684.

The trial court based the bond amount on its calculation of all principal and interest asserted by appellants to be due on the 60 tracts covered by the Orders of Sale. Appellees claim that the proper measure of the bond should have been the time value of the foreclosure proceeds during the period in which the temporary injunction was effective. Appellees assert that the appellants' tax liens are in absolutely no danger from the granting of the temporary injunction and that the only damage that could be caused by the temporary injunction is the loss of the time value of the money proceeds from the delay in conducting the sale.

In view of our ruling vacating the injunction, appellees' cross-point is moot.

The trial court's injunction is hereby vacated.