Opinion issued May 21, 2009















In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00197-CV

_____________


LLOYD HAYS AND SHELIA MANUS, Appellants


V.


J. DUDE BUTLER AND KAREN B. BUTLER, Appellees






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 07-CV0033






O P I N I O N

 Appellants, Lloyd Hays and Shelia Manus, appeal from the trial court's
judgment rendered following a bench trial that quiets title to the property in favor of
appellees, J. Dude Butler and Karen B. Butler (the Butlers). In their first issue, Hays
and Manus contend the trial court erred by quieting title to the property in the Butlers
because Hays and Manus acquired their property through a series of transactions
stemming from a tax foreclosure sale, which limits the period of time that the sale can
be challenged, and the Butlers did not challenge the sale within that period of time. 
The second issue presented by Hays and Manus challenges the trial court's award for
the Butlers' attorney's fees. We conclude the lawsuit is not barred by limitations, and
therefore, do not reach the second issue that is contingent on our reversal of the first
issue. We affirm the judgment of the trial court.

Background

 This lawsuit concerns a dispute over ownership of Block 17 of the Clifton Land
and Production Company Subdivision in Galveston County, Texas (hereinafter "Block
17"). Hays and Manus claim title through a series of transactions traced back to the
Clear Creek Independent School District. The Butlers claim title through Obie Wayne
Phillips and Velma Phillips. 

 More than 20 years ago, the Phillipses sued William Jeffrey, among other
defendants, to quiet title in a number of parcels of real property, including Block 17. 
In 1987, the 56th District Court of Galveston County rendered judgment that the
Phillipses recover fee simple title to and possession of multiple parcels, including

A 7.780 acre tract out of Blocks 16 and 17 of the Clifton Land and
Production Company Subdivision, E. Payne Survey in Galveston
County, Texas according to the Plat as recorded in Vol, 254, Page 4 of
the Galveston County Clerk's Records, said tract being more particularly
described by metes and bounds in Exhibit "D" hereto which is
incorporated by reference.


Phillips v. Jeffrey, No. 85-CV-1373 (56th Dist. Ct., Galveston County, Tex. Oct. 12,
1987). Attached to the judgment as Exhibit D was a survey dated February 25, 1985,
which described the tract as shown above, but without the words "E. Payne Survey"
and with a metes-and-bounds description. The judgment was recorded in Galveston
County on March 4, 1988. 

 Five years later, the 122nd District Court of Galveston County rendered a
default judgment against Jeffrey for unpaid property taxes. Among other things, the
judgment awarded property described in Exhibit A to Clear Creek ISD to be sold in
satisfaction of the amount of the judgment. Clear Creek Ind. Sch. Dist. v. Jeffrey, No.
93TX0016 (122nd Dist. Ct., Galveston County, Tex. Mar. 18, 1993). Exhibit A
described the property asLOTS 1 THROUGH 20, CLIFTON LAND AND PRODUCTION
COMPANY SUBDIVISION, EDWARD PAYNE SURVEY,
ACCORDING TO THE MAP RECORDED IN VOL. 238, PAGE 8 OF
THE OFFICE OF THE COUNTY CLERK OF GALVESTON
COUNTY, TEXAS.

Id. 

 Five years after the county seized Jeffrey's land, Clear Creek Independent
School District conveyed to Jimmy Brock by quit-claim deed the same real property
that was described in Exhibit A in the 122nd District Court. However, this deed
additionally specified that the property was "the same property which relates to Clear
Creek Independent School District tax account number 4635-0017-0001-000." Jimmy
recorded the deed in Galveston County in June 1998. 

 Many deeds containing similar language, but never including "Block 17," were
transferred and recorded between 1998 and 2004. Jimmy conveyed the property by
warranty deed to Cecilia Brock and Ivan Menendez in 1998, and the deed was
recorded. A year later, Menendez conveyed by warranty deed his interest in the
property back to Jimmy, and the deed was recorded. In 2003, the previous deed was
refiled, adding Cecilia's name to the deed. In 2004, Cecilia, as executor for Jimmy,
conveyed by warranty deed Jimmy's interest in the property to herself, and the deed
was recorded. 

 In 2006, Cecilia, by warranty deed, conveyed the property to Hays and Manus,
describing the property as:

ABSTRACT 164, PAGE 10, LOTS 1 THROUGH 20, BLOCK 17,
CLIFTON LAND PRODUCTION COMPANYS [sic] SUBDIVISION,
GALVESTON COUNTY, TEXAS.


This was the first time since the 1987 judgment that quieted title in favor of the
Phillipses that an instrument purporting to transfer interest in Block 17 contained the
words "Block 17." The deed was recorded. 

 Three weeks later, on August 24, 2006, the Phillipses, by warranty deed,
conveyed the property to the Butlers. The deed describes the property as:

A tract or parcel of land containing 2.869 acres of land, more or less,
being known as Block 17 of the CLIFTON LAND AND
PRODUCTION COMPANY SUBDIVISION, a subdivision in
Galveston County, Texas, according to the map or plat thereof recorded
in Volume 254, Page 4, and transferred to Plat Record 3, Map Number
6, all in the Map Records in the Office of the County Clerk of Galveston
County, Texas . . . . (1) Taking these conveyances together and working back, Hays and Manus
acquired the property for which they claim title from Cecilia, who received it through
a series of transactions from Jimmy, who received it from Clear Creek ISD. The
Butlers acquired the property for which they claim title from the Phillipses. 

 The Butlers filed suit to quiet title to Block 17 in their names. In their amended
answer, Hays and Manus generally denied the Butlers' claim to Block 17, asserting the
affirmative defense that the claim was barred by limitations in section 33.54 of the
Texas Tax Code, and counterclaimed to quiet title to the property in their names. In
their amended petition, the Butlers additionally claimed title to Block 16 and, in the
event the trial court determined that Hays and Manus had title to Block 17, claimed
a right-of-way for use of a roadway running between Block 16 and Block 17. The trial
court rendered a final judgment quieting title to Block 17 in the Butlers, and awarding
the Butlers $5000 in attorney's fees. (2) The trial court did not make findings of fact or
conclusions of law. Hays and Manus filed motions to reform the judgment and for a
new trial, both of which the trial court denied. The trial court severed the right-of-way
claim, which is not at issue in this appeal.

Title to the Property

 In their first issue, Hays and Manus assert the limitations period in section 33.54
of the Texas Tax Code precludes the Butlers from bringing suit to quiet title. The Tax
Code states, "When actions are barred by this section, the purchaser at the tax sale or
the purchaser's successor in interest has full title to the property, precluding all other
claims." Tex. Tax Code Ann. § 33.54(c) (Vernon 2008). (3) Hays and Manus, as the
successors in interest to property purchased at the tax sale, contend they have full title
to Block 17, precluding all claims, because the action by the Butlers is barred by
limitations. Here, everyone agrees that the Butlers did not file suit within the period
of time required to challenge the property purchased at the tax sale; the disagreement
concerns whether the lack of a definite description of the land conveyed to Clear
Creek ISD means that title was never conveyed. 

 A tax judgment's property description must be sufficiently particular to allow
a party to locate the specific land being identified. See Manges v. Freer Indep. Sch.
Dist., 728 S.W.2d 842, 843 (Tex. App.--San Antonio 1987, writ ref'd n.r.e.). A
property description is sufficient if the writing furnishes within itself, or by reference
to some other existing writing, the means or data by which the particular land to be
conveyed may be identified with reasonable certainty. See Broaddus v. Grout, 258
S.W.2d 308, 309 (Tex. 1953). A judgment for foreclosure of a tax lien upon real
estate which fails to describe a definite tract of land is void. See Arnold v. Crockett
Indep. Sch. Dist., 404 S.W.2d 27, 28 (Tex. 1966).

 Though the Texas Supreme Court has shown a "willingness to read property
descriptions in tax judgments alongside the property descriptions in related petitions
and judgment rolls to identify the property conveyed," AIC Management v. Crews, 246
S.W.3d 640, 647 (Tex. 2008), the extrinsic evidence must exist at the time of the tax
judgment. See AIC Mgmt., 246 S.W.3d at 648-49 (remanding for consideration of
HCAD records at time of deed); Morrow v. Shotwell, 477 S.W.2d 538, 541 (Tex.
1972); Willoughby v. Jones, 251 S.W.2d 508, 512 (Tex. 1952) (considering property
description in deeds conveying title to owner prior to foreclosure). 

 The property to which the Butlers claim title is clearly described by block
number, subdivision, county clerk record volume and page, and metes and bounds. 
In contrast, the property to which Hays and Manus claim title fails to adequately
describe the property as a definite tract of land. Hays and Manus acquired property
from Cecilia in 2006 after Cecilia, through a series of exchanges, acquired the property
from Jimmy, who obtained it at a tax sale by Clear Creek ISD. The description of the
property obtained by Clear Creek ISD in the 1993 judgment is as follows:


 "LOTS 1 THROUGH 20, CLIFTON LAND AND
PRODUCTION COMPANY SUBDIVISION, EDWARD
PAYNE SURVEY"; and

 in "THE MAP RECORDED IN VOL. 238, PAGE 8 OF THE
OFFICE OF THE COUNTY CLERK OF GALVESTON
COUNTY, TEXAS."


Clear Creek Ind. Sch. Dist. v. Jeffrey, No. 93TX0016 (122nd Dist. Ct., Galveston
County, Tex. Mar. 18, 1993). Noticeably absent from this description of the property
is the block number of the Clifton Land and Production Company Subdivision in
which lots 1-20 were located, and any metes and bounds description of the property. 
While evidence at trial established that Block 17 consisted of exactly 20 lots, that
same evidence established that all blocks surrounding Block 17 consisted of at least
20 lots. Therefore, "lots 1 through 20, Clifton Land and Production Company
Subdivision" described many, if not all, blocks in the Clifton Land and Production
Company Subdivision.

 The property description in the 1993 tax judgment is insufficient because the
writing does not within itself identify the property with reasonable certainty, nor does
the record before us show that the judgment refers to some other existing writing, the
means or data by which the particular land to be conveyed may be identified with
reasonable certainty. See Broaddus, 258 S.W.2d at 309. The 1993 tax judgment's
property description is not sufficiently particular to allow a party to locate the specific
land being identified. See Manges, 728 S.W.2d at 843. Because the 1993 tax
judgment fails to describe a definite tract of land, it is void. See Arnold, 404 S.W.2d
at 28.

 Hays and Manus attempt to cure the inadequacy of the 1993 judgment with
extraneous evidence subsequent to the 1993 judgment. First, Hays and Manus point
out that Clear Creek ISD later conveyed this land to Brock, with the additional
specification that the property was "the same property which relates to Clear Creek
Independent School District tax account number 4635-0017-0001-000." However,
this evidence cannot be used to identify the property because it is extrinsic evidence
that did not exist at the time of the tax judgment. See Morrow, 477 S.W.2d at 541;
AIC Mgmt., 246 S.W.3d at 648-49; Willoughby, 251 S.W.2d at 512. Therefore, the
inclusion of an identifying tax number in the deed from Clear Creek ISD to Jimmy
Brock may not be considered to provide more specific information about the property.

 Second, Hays and Manus also point to the deed from Cecilia to the Butlers that
contains the words "Block 17." Like the tax number information provided after the
tax judgment, this evidence is extrinsic and cannot be considered for the same reasons. 
See Morrow, 477 S.W.2d at 541; AIC Mgmt., 246 S.W.3d at 648-49; Willoughby, 251
S.W.2d at 512. 

 We hold the 1993 tax judgment, to the extent it purports to foreclose Block 17,
is void. Because the 1993 judgment is void, title to the property never vested in Clear
Creek ISD. Without title, Clear Creek ISD--through whom Hays and Manus claim
title--could not rightfully convey the property. Hays and Manus therefore lack title
to the property. Although the tax code allows a purchaser or successor purchaser of
land conveyed at a tax sale to have "full title to the property," the tax code does not
give title to property that was void due to the lack of a definite description. We hold
the trial court did not err by implicitly determining that section 33.54 is inapplicable,
and therefore, limitations under that section do not bar this lawsuit. We overrule the
first issue.Attorney's Fees

 In their second issue, Hays and Manus contend the trial court erred by
awarding the Butlers $5000 in attorney's fees. However, in their brief, "Appellants
concede that the trial court acted within its discretion in awarding attorney's fees,
provided that Appellees were the title owners of the property." Their assertion that
the trial court erred by awarding attorney's fees is dependent upon our determination
of their first issue. Hays and Manus present no other theories supporting the reversal
of the trial court's award of attorney's fees. Therefore, because we overrule the first
issue on appeal, we also overrule the second.





Conclusion

 We affirm the judgment of the trial court. 

 


 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


1. The metes and bounds description was as follows:


BEGINNING at a 1/2 inch iron rod set at the Westerly corner of said Blocks 16 and
17 in the Northeasterly right-of-way line of Vicksburg (40.00 feet wide), said point
being South 26 degrees 24 minutes 26 seconds East, a distance of 333.00 feet from
a 1/2 iron rod found,


THENCE North 63 degree 09 minutes 22 seconds East, a distance of 644.91 feet to
a 1/2 inch iron rod found for corner,


THENCE South 27 degrees 16 minutes 56 second East, a distance of 128.11 feet to
a 1/2 iron rod set for corner,

 

THENCE South 51 degrees 45 minutes 33 seconds West, a distance of 660.89 feet
to a 1/2 inch iron rod found for corner in the said Northeasterly right-of-way line of
Vicksburg,


THENCE North 26 degrees 24 minutes 26 seconds West, along said Northeasterly
right-of-way line of Vicksburg, a distance of 258.71 feet to the POINT OF
BEGINNING of the herein described tract of land and containing 2.869 acres of land,
more or less.
2. In its final judgment, the trial court described Block 17 as:


a tract or parcel of land containing 2.869 acres of land, more or less, and being
known as Block 17 of the Clifton Land and Production Company subdivision, a
subdivision in Galveston County, Texas, according to map or plat thereof, recorded
in Volume 254, Page 4, and transferred to Plat Record 3, Map No. 6, all in the Map
Records in the Office of the County Clerk of Galveston County, Texas . . . .


The trial court also included a metes and bounds description of Block 17, which is identical to
the metes and bounds description included in the deed from the Phillipses to Hays and Manus.
3. Section 33.54 of the Texas Tax Code states
:


 (a) Except as provided by Subsection (b), an action relating to the title to property may
not be maintained against the purchaser of the property at a tax sale unless the action
is commenced:

 

 (1) before the first anniversary of the date that the deed executed to the purchaser
at the tax sale is filed of record; or


 (2) before the second anniversary of the date that the deed executed to the
purchaser is filed of record, if on the date that the suit to collect the
delinquent tax was filed the property was:


 (A) the residence homestead of the owner; or


 (B) land appraised or eligible to be appraised under Subchapter C or D,
Chapter 23.


 (b) If a person other than the purchaser at the tax sale or the person's successor in
interest pays taxes on the property during the applicable limitations period and until
the commencement of an action challenging the validity of the tax sale and that
person was not served citation in the suit to foreclose the tax lien, that limitations
period does not apply to that person.


 (c) When actions are barred by this section, the purchaser at the tax sale or the
purchaser's successor in interest has full title to the property, precluding all other
claims.


Tex. Tax Code Ann. § 33.54 (Vernon 2008). If section 33.54 is applicable, the actions here are
barred by limitations because the actions were not filed until January 9, 2007, which is beyond the
limitations period described in the section.